Judge Wood
stated the case, and delivered the opinion of the court:
In this case the plaintiff, by his prochain ami, declares against *415 the defendants as physicians and surgeons, and sets out as an inducement to the action an injury and fracture of his leg, and that he retained the defendants, partners in their profession, carefully and skillfully to set the broken bone of his leg, and to manage, take care of, and cure the same, for a certain hire or reward, in a careful, skillful, and proper manner; and the said Rush and Greene being so employed, upon their promise and undertaking, to cure and manage said leg in a skillful and proper manner, did, as surgeons and physicians, enter upon and commence the business and undertaking of managing and curing said leg in a skillful and proper manner; and avers that although they undertook to set and cure said leg in a skillful, careful, and proper manner, yet in so doing the defendants so badly, carelessly, and negligently managed and conducted the said leg, in setting the said broken bone, and in binding up the said leg, that by reason of’ the improper treatment,-negligence, carelessness, and malpractice of the defendants, the plaintiff lost his log by amputation, etc.
The second count sets out a promise to cure the leg, and avers-a breach, as in the first count, and loss of the limb by amputation, per quod, he, the plaintiff, sustained damages to the amount of ten thousand dollars.
*To this declaration the defendants plead not guilty, and the cause was submitted to the jury on the last circuit, who found a verdict for the plaintiff.
The counsel for the defendants then moved the court for a new trial. First, because the verdict was against the evidence; and. second, because the defendants’ counsel moved the court to charge the jury that they must be satisfied, before they could find a verdict for the plaintiff, that there was a contract and special promise made by the defendants to attend upon and cure the leg of the plaintiff,and that the declaration was not sustained by proving-that the defendants were called on as physicians and surgeons to visit the plaintiff in the ordinary way, which instruction the court refused to give, but charged the jury that the declaration was-sustained by proving that the defendants held themselves out to-the world as physicians and surgeons, and .that they called and attended the plaintiff as such, and that no promise to cure the leg need be proven. This motion for a new trial is reserved for-decision here.
The first point made by the motion may be disposed of at once.. *416 The judges who tried the cause are fully impressed with the belief that the verdict is sustained by the evidence given on the-trial. The remaining point is, perhaps, more difficult, and although we have been able to unite our minds, our opinion may' not be in unison with the impressions of a respectable portion of the bar.
The undertaking in each count of the declaration is laid as an-absolute undertaking and promise to set the bone and cure the' leg! Does the law imply any such contract ? This point was decided in the case of Hardin v. Matthews, in Geauga county,, several years since, in the negative, and the plaintiff nonsuited. It was afterward so decided in Bliss v. Long, in Cuyahoga county. Hardin v. Matthews was a case of tinea capita, and Bliss v. Long a case of obstetrics. In the first the declaration charged an absolute undertaking to cure, and in the last to deliver; and the-court were of the opinion that the law implied no such undertaking, and as no such express promise could be proved, the plaintiff could not recover. In the case of Gallagher and Wife v. Thompson, Sup. C. 466, the declaration, among other things, averred a promise by the defendant, who was a physician and surgeon, to set and cure Mrs. Gallagher’s leg. Evidence was introduced to prove the surgeon’s retainer, in the usual way, *and his attendance, that the leg was not cured, but was rendered nearly useless. A motion was made by the defendant for a nonsuit, because there was no evidence of an express promise to cure, and the law did not imply such promise, and the motion was sustained. So far as we can learn, then, the decisions have been-uniform on the circuit whenever the question has been presented. If a lawyer is retained, there is an implied'obligation to bring to his client’s aid integrity and ordinary judgment and skill, but not that he shall conduct his client’s cause to a successful issue.
The surgeon engages the ordinary skill of the profession in reducing a fractured bone, and diligence and care in his subsequent treatment, and to use his exertion and endeavor to cure, but a cure itself is frequently beyond his physical power. It depends not on him. The accoucheur engages the skill of his profession, and that he will endeavor safely to deliver, but there is no-positive obligation to produce this result. The event is in the hands of Him who giveth life, and not within the physical control of the most skillful of the profession. On the whole, we are of *417 the opinion the court erred in not giving to the jury the instruction sought, that there should have been evidence of an express undertaking to cure before the jury could legally have found for the plaintiff, -as the the law raised no such absolute undertaking. Motion for a new trial granted, costs to abide the event. Plaintiff leave to amend his declaration in ninety days, and to pay all costs since -filed, and every thirty days thereafter a rule day.